No. 472
GROSSHEIM v. ROESSLER
Cincinnati Superior Court
No. 59054.    Decided March 26, 1925.

1101. SPECIFIC PERFORMANCE — Not denied where at commencement of trial title is not perfect, but would be marketable when performance is due.

681. JURISDICTION—Given to Superior Court when defendant does not reside in Cincinnati, but is personally and properly summoned in that city.
MARX, J.

Wm. Roessler, and Frank Grossheim entered into a written contract in which Roessler agreed to buy from Grossheim some real estate

## STATE COURT OF APPEALS—Continued

for $10,500, free and unencumbered except to to taxes. Roessler paid $100 as a deposit to bind the contract. A few days later he attempted to withdraw from the contract on the ground that Grossheim's wife who owned an undivided half interest in the property, had not signed the acceptance. The wife conveyed to her husband her share of the property and Grossheim notified Roessler of his intention to tender a general warranty deed in accordance with the contract. Roessler refused to perform and Grossheim instituted an action in the Cincinnati Superior Court to compel specific performance and asked for $500 as incidental damages.

Grossheim contended that he had been always willing and able to carry out his part of the contract; that Roessler's objection as to the wife having an undivided half of the property had been removed. Roessler contended that the Superior Court did not have jurisdiction to try the case and that the title was not clear and unencumbered because of outstanding leases for part of the premises. Grossheim declared that Roessler had stated his satisfaction of the leases, when the contract was entered into, and at time of trial, noe of the leases had already expired. The Superior Court held:

1. Jurisdiction is given to the Cincinnati Superior Court in a case of specific performance even though defendant does not live in Cincinnati, but who is served personally and properly in Cincinnati.

2. Since Roessler knew of the leases and expressed his satisfaction as to their existence, he is estopped from altering his position to the detriment of Grossheim.

3. A bill for specific performance will not be dismissed merely because title was not perfect at the commencement of the suit, but may be decreed if it appears that a marketable title can be made to the purchaser at the time when performance is due.

A decree may be drawn requiring Roessler to perform his contract.

Attorneys—Lester A. Jaffe, for Grossheim; Powell & Smiley, for Roessler; all of Cincinnati.